UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARVANDA DIRKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____) | Case No. CV 03-5210 AJW <br><br> ORDER GRANTING PETITION <br> FOR ATTORNEYS' FEES <br> 42 U.S.C. § 406(b) |

Plaintiff's counsel Brian C. Shapiro ("petitioner") has filed a petition for an award of attorneys' fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of fourteen thousand dollars ($14,000), representing approximately 18% of plaintiff's past-due benefits award. Petitioner also requests an order directing him to pay plaintiff the sum of two thousand, eight hundred dollars ($2,800.00) as an offset for attorneys' fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). [Petition 1, 4]. Defendant has filed a response to the petition discussing the principles for determining a "reasonable" attorney's fee, but because she is not a party to the fee agreement between plaintiff and petitioner, she has not taken a position supporting or opposing the fee petition.

**Proceedings**

On July 25, 2003, plaintiff filed a complaint for judicial review of defendant's decision

1  denying plaintiff's application for social security disability insurance benefits.  Pursuant to a
2  stipulated order and judgment of remand, the matter was remanded for further administrative
3  proceedings on January 28, 2004. On remand, plaintiff was awarded disability benefits,
4  including past-due benefits in the amount of  $79,812.20.  [Petition 3, 22 & Exs. 2-3].
5  Defendant withheld 25% of that amount, or $19,953.05, for the payment of attorneys' fees.
6  Plaintiff already has been awarded attorneys' fees of $2,800 under the EAJA.  [See Order filed
7  February 3, 2004].  The EAJA award offsets any attorneys' fee award payable from a claimant's
8  past-due benefits award, up to the point where the claimant receives the full amount of any
9  past-due benefits.[1]

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002).  In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement

---

[1]  If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant.  See Gisbrecht v. Barnhart, 535 U.S.789, 789 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "the primary means by which fees are set" for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807(emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness.")(internal citations omitted).

Plaintiff retained petitioner to represent her in federal court in his social security disability case, and plaintiff agreed to pay petitioner a contingent fee in an amount equal to 25% of any past-due benefits award obtained. [See Petition, Ex. 1]. Under Gisbrecht, the court examines a lawful contingent fee agreement only to assure that the enforcement of that agreement is not unreasonable. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits award and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 795; Mudd, 418 F.3d at 428; see, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the

permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants"; (4) the value of the benefits award to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; and (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several factors weigh in favor of granting petitioner's fee request. First, petitioner obtained a favorable result for his client in the form of a remand for further administrative proceedings. According to petitioner's itemized time statement, the parties stipulated to remand after petitioner had prepared (but not filed) a motion for summary judgment on plaintiff's behalf. On remand, plaintiff prevailed in obtaining a substantial past-due benefits award and ongoing disability benefits. [Petition 3, 22 & Exs. 2-3].

Second, petitioner's requested § 406(b) fee is about 18% of plaintiff's past-due benefits award, or almost $6,000 less than the maximum 25% contingent fee authorized by law and by petitioner's fee agreement with plaintiff. With the offset of $2,800 provided by the EAJA award, only about 14% of plaintiff's past-due benefits award actually will be used to pay attorneys' fees. [See Petition, Ex. 3].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a decision in his client's favor, he would have recovered no fee. This case also has indicators of above-average risk, such as difficult-to-prove impairments (including myofascial pain/fibromyalgia).

Fourth, there is no evidence in the record suggesting that petitioner unduly delayed the resolution of this case or engaged in any overreaching, and defendant has stated that she is aware of any such conduct attributable to petitioner.

Fifth, petitioner and his paralegal spent a combined total of 20.6 hours litigating this case to a successful resolution in district court, a figure that is well within, if not below, the norm

for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases); see also Coppett v. Barnhart, 242 F.Supp.2d 1380, 1384-85 (S.D. Ga. 2002) (concluding that the petitioner's "skill and experience in handling social security cases further shows the reasonableness of the fee he is seeking," and noting that "an experienced attorney 'should not be penalized for his efficiency by basing his reimbursement on a lower hourly rate.'")(quoting Lacatena v. Secretary of Health & Human Services, 785 F.Supp. 319, 322 (N.D.N.Y.1992)).

While these factors support petitioner's fee request, another factor mentioned in Gisbrecht arguably does not: the ratio between the amount of the back benefits award and the hours expended. Petitioner has submitted statistical data to support his argument that the current market rate for attorneys and paralegals in California firms similar in size to petitioner's firm and providing services of comparable quality is about $273 per hour for petitioner and about $131 per hour for his paralegal (which amounts to 48% of petitioner's hourly rate). [See Petition at 10 & Ex. 4]. Granting petitioner's contingent fee request would amount to a de facto hourly rate for petitioner of about $766.70 and a de facto hourly rate for petitioner's paralegal of about $368.02.[2] Those rates would yield attorneys' fees for petitioner of $12,343.87 (16.1 hours x $766.70) and paralegal fees of $1,656.03 (4.5 hours x $368.02).

In the wake of Gisbrecht,"the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d at 1037-38 (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about $450); see also Mudd, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that produced a de facto hourly rate of $736.84, and holding that the district court properly evaluated the reasonableness of the fee

---

[2] The relevant algebraic equation is $4.5[.48x] + 16.1x = 14,000$

1 request); Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-66 (N.D. Ga. 2005) (approving §
2 406(b) award that translated to an effective hourly rate of $643 where the requested fee was
3 only 18.8% of past-due benefits award and plaintiff's counsel had extensive experience, obtained
4 significant past-due benefits for the claimant after ably representing him for more than two
5 years, did not delay or act in bad faith, and assumed a substantial risk of loss by taking the case
6 on a contingency basis); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va. 2003)
7 (approving a contingency fee agreement that yielded a de facto hourly rate of $1,433, and
8 rejecting as inconsistent with Gisbrecht the argument that the court should determine a
9 reasonable hourly rate and multiply it by the number of hours spent).  In Brown v. Barnhart,
10 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003), the court held that a § 406(b) contingent fee
11 that amounted to an hourly rate of $1407.00 constituted an improper "windfall" to the
12 attorney and must be reduced, but the court nonetheless held that a contingent fee that
13 amounted to an effective hourly rate of $977.00 was reasonable in view of the results obtained,
14 the contingent nature of the fee, counsel's experience, and the fact that "counsel spent
15 significant time before the agency that cannot be compensated in this forum."

16      Based on the record before the court, the contingent fee agreement between plaintiff and
17 petitioner was reasonable, the fees requested by petitioner are lawful, the relevant factors (such
18 as the character of the representation and the results obtained) support petitioner's fee request,
19 and the fees sought in this case are not so high relative to the amount of time expended as to
20 constitute an improper windfall.
21 ///
22 ///
23 ///

6

**Conclusion**

For the reasons described above, the petition is **granted**, and petitioner is awarded attorneys' fees under section 405(b) in the total amount of **fourteen thousand dollars ($14,000)**. To offset the prior EAJA fee award, petitioner is ordered to refund to plaintiff the sum of **twenty-eight hundred dollars ($2,800)** within **twenty-one (21) days** of receipt by petitioner of his § 406(b) fees.

**IT IS SO ORDERED.**


DATED: November 16 , 2005                               /S/
                                                        _____
                                                        ANDREW J. WISTRICH
                                                        United States Magistrate Judge